UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LYNDAL KIMBLE**, | ) | Case No. 4:08 CV 1048 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **RICHARD GANSHEIMER, WARDEN** | ) | (Resolving ECF #8,13,14,17,18) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Lyndal Kimble has filed a petition under 28 U.S.C. §2254 for federal habeas corpus as a state prisoner and accumulated several motions to prosecute his petition.

His motion for appointment of counsel **(ECF #8) is denied**. As explained in the report and recommendation, the petition is both untimely and federal review is barred due to procedural defaults that have carried over from his state proceedings.

Kimble's motion for leave to conduct discovery pursuant to Fed. R. Civ. Proc. 6 and motion to compel respondent to provide a complete transcript of the trial court's record pursuant to Rule 37(a) **(ECF #13, 14) are denied.** Kimble argues that it is incumbent on the warden to prove the voluntariness of his pleas and the effectiveness of counsel. He seeks the trial transcript and video news feeds regarding this February 22, 2005 court appearance. The warden argues that because Kimble's appellate counsel had access to his transcripts in the appeal of right, Kimble is not entitled to the production of the transcripts to assist him with his habeas petition. See *Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970). The court adds further that pursuant to Rule 5(c) of the Rules

4:08 CV 1048 2

Governing Section 2254 Cases, only parts of the transcript which are relevant must be included, such as in instances where the sufficiency of the evidence supporting conviction are challenged. See *Nash v. Eberlin*, 437 F.3d 519, 523 (6th Cir. 2006). Kimble made no such claim and his claim that the record did not accurately reflect the trial court proceeding (Ground No. 4) was not resolved on the merits, but dismissed as brought within an untimely application to reopen appeal. There video news feeds moreover were not part of the state court record and are admissible only pursuant to §2254(e)(1) upon a showing by clear and convincing evidence of an incorrect factual determination. Kimble does not explain how the video news feeds are relevant let alone a source of clear and convincing evidence to refute the voluntariness of his guilty pleas.

Kimble also requests that he be permitted to propound interrogatories to his criminal defense attorney and also to direct requests for admissions to him. However, these discovery tools are limited to parties to the action and his defense counsel is not a party to this lawsuit. See Fed. R. Civ. P. 33, 36. Kimble grounds do allege ineffective assistance of counsel, but again his petition is untimely and federal review is barred due to procedural defaults in state court.

However, Kimble's motion to "expend" *(sic)* the record to include affidavits and motion for leave to expand the record to include affidavits **(ECF # 17 and 18) are granted**. The court finds that these relate to further briefing of Kimble's arguments.

IT IS SO ORDERED.

                                                           s/James S. Gallas
                                             United States Magistrate Judge

Dated: June 26, 2009