# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LYNDAL KIMBLE, | ) | CASE NO.  4:08CV01048 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RICHARD GANSHEIMER, | ) | |
| WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James S. Gallas (Doc. No. 20). Petitioner Lyndal Kimble ("Kimble" or "Petitioner") has filed objections to the R&R. (Doc. Nos. 22, 25.) Respondent Richard Gansheimer ("Respondent") has filed a response. (Doc. No. 26.) Having reviewed *de novo* those portions of the R&R which have been properly objected to, *see* Fed. R. Civ. P. 72(b)(3), for the reasons set forth below, the R&R is **ACCEPTED** and this petition is **DISMISSED**.

## I.      FACTUAL AND PROCEDURAL HISTORY

On February 15, 2005, Kimble was convicted in the Trumbull County Court of Common Pleas of one count of tampering with evidence in violation of Ohio R.C. 2921.12(A)(1) & (B), and one count of possession of cocaine in violation of Ohio R.C. 2925.11(A) & (C)(4)(a). (Case No. 03 CR 548.) In April 2005, Kimble was convicted in the same court of eight counts of trafficking in cocaine in violation of Ohio

R.C. 2925.03(A)(1) & (C)(4)(a), and one count of possession of cocaine in violation of Ohio R.C. 2925.11(A) & (C)(4)(a). (Case No. 04 CR 525.)

In the first case, 03 CR 548, Kimble entered a guilty plea pursuant to a plea negotiation. In the second case, 04 CR 525, Kimble went to trial, where he was convicted of the counts listed above and acquitted on two other charges. On July 13, 2005, Kimble was sentenced on both cases. The trial judge imposed a sentence of 3 years in 03 CR 548 and 7 ½ years in 04 CR 525, with both sentences to run consecutively for a total term of imprisonment of 10 ½ years. Kimble's petition for federal habeas corpus relates only to the 03 CR 548 case.

At his sentencing hearing and prior to being sentenced, Kimble filed a motion to withdraw his guilty plea as to the 03 CR 548 case. The trial court denied the motion. Kimble timely appealed his conviction to Ohio's Eleventh District Court of Appeals, which affirmed his conviction on November 20, 2006. On January 3, 2007, Kimble submitted an appeal to the Ohio Supreme Court, which was not filed, but rather rejected and returned to Kimble for failure to comply with the applicable filing requirements.

On February 21, 2007, Kimble filed a motion for appointment of counsel to assist in his motion to reopen the direct appeal under Ohio Appellate Rule 26. On March 1, 2007, the Eleventh District Court of Appeals denied his motion.[1]

---

[1] Ohio Appellate Rule 26(B)(6) contemplates that *if* the court grants an application for reopening, *then* it shall "appoint counsel to represent the applicant if the applicant is indigent and not currently represented [. . .]"

2

On April 6, 2007, Kimble filed an application to reopen his direct appeal pursuant to Ohio Appellate Rule 26. On April 17, 2007, the Eleventh District Court of Appeals denied his application as untimely.

On June 27, 2007, Kimble filed a notice of appeal and a motion for a delayed appeal to the Supreme Court of Ohio. On August 29, 2007, Kimble's motion for a delayed appeal was denied.

On April 24, 2008, Kimble, *pro se*, filed a petition for writ of habeas corpus in this Court raising the following grounds for relief:

> (1) The trial court abused it's [sic] discretion by denying the defendant's presentence motion to withdraw his guilty plea where the record revealed that the defendant had received ineffective assistance of counsel.
> (2) The trial court's imposition of a sentence greater than the minimum term permitted by statue [sic] based upon finding not made by jury.
> (3) Ineffective Assistance of Appellant counsel.
> (4) Ineffective Assistance of Appellant counsel.

In a Report and Recommendation, the Magistrate Judge recommended that Kimble's petition be denied with respect to each ground. (Doc. No. 20.) Kimble filed an Objection to the R&R (Doc. No. 22) and a supplemental Objection to the R&R. (Doc. No. 25.)

## II.    STANDARD OF REVIEW

This Court's review of Kimble's petition is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the date on which judgment became final by the

3

conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). This one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

The AEDPA also prohibits the Court from granting a petition for writ of habeas corpus on behalf of a person in state custody unless the state court issued "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or rendered a decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To determine whether a state court decision is contrary to or involves an unreasonable application of clearly established federal law, "a federal court may look only to the holdings of the Supreme Court decisions, not their dicta." *Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006); *Cornwell v. Bradshaw*, 559 F.3d 398, 404-05 (6th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A state court decision is contrary to clearly established law only "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005) (citations omitted). Meanwhile, "[a] state-court decision involves an unreasonable application of [. . .] clearly established precedents if

4

the state court applies [those] precedents to the facts in an objectively unreasonable manner." *Id*. A state court decision is not contrary to or an unreasonable application of federal law simply because it does not cite Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Dennis v. Mitchell*, 354 F.3d 511, 517-18 (6th Cir. 2003) (citing *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002)).

Additionally, a federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). One such independent and adequate state ground is failing to meet a state's procedural requirements for presenting federal claims to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Another independent and adequate state ground is a lack of "fair presentation" of the issue to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To satisfy fair presentation requirements, a habeas petitioner must "give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)).

When a petitioner "procedurally defaults" a ground for relief by one of the above means, the ground cannot be considered by a federal court unless he shows: (1) "cause" and "prejudice" to excuse the failure to present his ground to the state's highest

5

court, or (2) that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Id*. To show "cause," a petitioner must show the existence of an objective factor external to him that precluded him from fairly presenting his claim while state remedies were available. *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). 'Prejudice" requires a showing that the alleged constitutional error worked to the petitioner's actual and substantive disadvantage. *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

## III.    LAW AND ANALYSIS

In his R&R, the Magistrate Judge recommended that Kimble's petition be denied on two alternative, independently sufficient grounds: (1) timeliness and (2) procedural default. Kimble lodged objections to both grounds. The Court will consider each objection *seriatim*.

### A.    Timeliness

#### 1.    § 2244(d)(1)(A) Final Judgment Date

Under section 2244(d)(1)(A), Kimble had one year from the date on which the judgment became final by the conclusion of direct review or, as applies here, the expiration of time for seeking such review to file a timely petition for federal habeas review. The Court must first determine when the 2244(d)(1)(A) clock began to run. The Eleventh District Court of Appeals filed and journalized its judgment entry denying Kimble's appeal for the purposes of Ohio R. App. 22(E) on November 20, 2006.

Under Ohio Supreme Court Rules, notice of appeal is due within 45 days of Court of Appeals' Rule 22(E) journalization date. Ohio S. Ct. Prac. R. II(2)(A)(1)(a).

6

Kimble, therefore, had until January 4, 2007, to timely and properly file notice of appeal to the Ohio Supreme Court. He did not. However, because "the day of the act, event, or default from which the designated period of time begins to run shall not be included," Kimble's conviction became final, and the one year clock under 2244(d)(1)(A) began to run, on January 5, 2007. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

Kimble appears to object to the calculation of the date on which the 2244(d)(1)(A) clock began to run on the grounds that the rulings on either his (1) April 6, 2007 motion to reopen his direct appeal or (2) June 27, 2007 motion for leave to file a delayed appeal affect the 2244(d)(1)(A) starting date. His arguments are without merit because neither of these appeals can be categorized as seeking "direct review" under 2244(d)(1)(A). "Direct review immediately follows trial, generally is constrained by tight, non-waivable time limits, and concludes with finality of judgment." *Lambert v. Ross Corr.,* 81 Fed. Appx. 1, 9 (6th Cir. 2003).

First, Kimble's April 6, 2007 motion to reopen his direct appeal under Rule 26(B) is a collateral, post-conviction procedure and not a direct appeal. "Rule 26(B) creates a collateral post-conviction procedure, and is not part of the direct right of appeal." *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (overruling *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000); *see also Morgan v. Eads*, 104 Ohio St. 3d 142 (2004) (holding Rule 26(B) procedure is collateral post-conviction review).

Neither is Kimble's June 27, 2007 motion for leave to file a delayed appeal to the Supreme Court of Ohio a direct appeal. The Sixth Circuit considered whether a motion for leave to file a delayed appeal is a direct appeal in *Searcy v. Carter,*

7

246 F.3d 515 (6th Cir. 2001). *Searcy* involved an Ohio state prisoner who had unsuccessfully appealed his conviction to the Ohio Court of Appeals but never filed a timely application for review in the Ohio Supreme Court. *Id.* at 516. After the expiration of the time period for seeking review in the Ohio Supreme Court, but before filing for federal habeas review, the petitioner in *Searcy* filed a motion for delayed appeal to the Ohio Supreme Court, which denied the motion. *Id.*

The court in *Searcy* held that the statute of limitations under the AEDPA was not "retriggered" by the denial of the petitioner's motion for a delayed appeal. An alternate holding, the court noted, would "effectively eviscerate the AEDPA's statute of limitations" because "leave to file a late notice of appeal can be sought at any time, even many years after conviction." *Id.* at 519. "The statute of limitations provisions of the AEDPA would thus be effectively eliminated, a clearly unacceptable result." *Id.* (citing *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998). *Searcy* was later clarified in *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) (motions for delayed appeal "are *not* part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1)") (emphasis in original). The factual scenario presented in this case closely resembles *Searcy*. As in that case, Kimble did not timely file an appeal to the Ohio Supreme Court. As in that case, Kimble filed a motion for leave to file a delayed appeal that was denied by the Ohio Supreme Court. This Court finds no meaningful distinction between *Searcy* and this case as to require a different outcome.

The Supreme Court's recent decision in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), does not compel a different conclusion as to the date on which the statute

of limitations began to run. In *Jimenez*, the Supreme Court held that "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id. at* 686 (emphasis added). The unanimous court characterized the decision as a "narrow one" and this Court finds the *denial* of a criminal defendant's motion to file an out-of-time appeal to have no effect on the date upon which a judgment becomes final for the purposes of § 2244(d)(1)(A). The distinction is obvious.

When a state court *grants* a criminal defendant's motion to file an out-of-time (under Ohio's terminology, delayed) appeal, the defendant's conviction becomes "again capable of modification through direct appeal to the state court and to [the Supreme] Court on certiorari review." *Id.* at 682. In this situation, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review [under § 2244(d)(1)(A)] must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 686.

Contrast the situation presented here, where Kimble's motion to file an out-of-time appeal was denied. The Ohio Supreme Court's denial of Kimble's motion did not have the effect of rendering his conviction capable of modification. Indeed, the judgment finality date of Kimble's conviction under § 2244(d)(1)(A) is not affected in any way by the denial of his motion. Without leave to file his out-of-time appeal, Kimble was precluded from any further challenge of his conviction on the merits in the Ohio state

9

courts.

To recap, under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final for purposes of the one-year period of limitations upon "conclusion of direct review or the expiration of the time for seeking such review." In Kimble's case, the Magistrate Judge properly calculated this date as January 5, 2007.

2.   **Tolling Under § 2244(d)(2)**

Certain events can reset AEDPA's one-year clock, *see Jimenez, supra,* and others can temporarily stop the clock from ticking. Under § 2244(d)(2), the AEDPA's 1-year statute of limitations for seeking federal habeas relief is "tolled while an application for State post-conviction or other collateral review is pending." *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). "Collateral review focuses of the adequacy of the trial and direct review, rather than the underlying merits of the original action." *Lambert*, 81 Fed. Appx. at 9.

In this case, Kimble filed three motions between the date his conviction became final for the purposes of § 2244(d)(1)(A), January 5, 2007, and the date he filed his petition for a writ of habeas corpus, April 24, 2008. However, "[n]ot every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for [. . .] collateral review of the judgment or claim." *Witkowski v. Vasbinder*, No. 04-CV-74232, 2006 U.S. Dist. LEXIS 13363 at *4 (E.D. Mich. March 9, 2006) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)). Generally, "a filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which

10

it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id.* (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)). Thus, a motion must seek review of the judgment of conviction to benefit from the tolling provisions of § 2244(d)(2).

A motion for appointment of counsel does not seek collateral review of the underlying judgment of conviction. As such, Kimble's February 21, 2007 motion cannot act to toll the 1-year statute of limitations under the AEDPA. *See Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003) (refusing to extend the tolling provisions of 28 U.S.C. § 2244(d)(2) to motions for appointment of counsel); *see also Dunn v. Jackson*, No. 3:03CV133, 2005 U.S. Dist. LEXIS 9015 (S.D. Ohio May 4, 2005); *Carruth v. Scutt*, No. 2:08CV12424, 2009 U.S. Dist. LEXIS 44338 (E.D. Mich. May 27, 2009).

Nor can Kimble's April 6, 2007 motion to reopen his direct appeal under Ohio Appellate Rule 26 act to toll the statute of limitations. Section 2244(d)(2) requires that an application for state post-conviction or other collateral review be "properly filed." 28 U.S.C. § 2244(d)(2). The Supreme Court has held that, because time limits, whatever their form, are "filing conditions," an application for state post-conviction or collateral review that is denied as untimely is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The Eleventh District Court of Appeals denied Kimble's motion to reopen his appeal as untimely. Therefore, his April 6, 2007 application was not properly filed and does not act to toll the statute of limitations.

Kimble's June 27, 2007 motion for a delayed appeal to the Supreme Court of Ohio does act to toll the AEDPA's statute of limitations. If properly filed, a motion for

11

delayed appeal tolls the statute of limitations during the time the motion was pending. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *see also, e.g., Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (holding that motions for delayed appeal toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2), but that such motions are not part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1)). The Ohio Supreme Court did not state their reasons for denying Kimble's June 27, 2007 motion for a delayed appeal. (Doc. No. 6-4, Exh. 19.) While, as discussed below, the Court infers from that court's silence that Kimble's motion for leave to file a delayed appeal was denied on procedural grounds, *see infra*, the warden concedes that Kimble's motion for leave to file a delayed appeal did toll the running of the 1-year AEDPA statute of limitations during the period the motion was pending. Therefore, Kimble enjoys tolling of the 1-year statutory period between the date of filing, June 27, 2007, to the date of decision, August 29, 2007, a period of 64 days.[2]

Turning to the calculation of the AEDPA statute of limitations in this case, Kimble's conviction became final on January 4, 2007, and the AEDPA clock began ticking the following day. The time period ran from January 5, 2007 to June 27, 2007, a period of 173 days, leaving Kimble with 192 remaining days in which to timely file his petition under the AEDPA. The statute of limitations was tolled from the date of his motion for a delayed appeal, June 27, 2007, to the date that motion was denied by the

---

[2] The 90 day period for seeking certiorari to the United States Supreme Court does not toll the AEDPA's statute of limitations under § 2244(d)(2). *See Lawrence v. Florida*, 549 U.S. 327, 332, 337 ("The Court of Appeals correctly determined that the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2).").

Ohio Supreme Court, August 29, 2007. The AEDPA clock restarted on August 30, 2007, and 192 days after that date was Sunday, March 9, 2008. Because March 9 fell on a Sunday, Kimble had until Monday, March 10, 2008 to timely file his petition for a writ of habeas corpus under the AEDPA. He did not file his petition until April 9, 2008.[3]

  3.  **Equitable Tolling**

    The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." *Pace*, 544 U.S at 418 n.8. The Sixth Circuit has stated, however, that equitable tolling applies to the one-year limitation period for habeas petitions under § 2244. *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418.

    In the Sixth Circuit, courts must consider and balance the factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  The Andrews factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Dunlap*, 250 F.3d at

---

[3] Kimble's petition was filed on April 24, 2008. Under the "prison mailbox rule," however,"a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)). Kimble's petition includes a declaration that his petition was placed in the prison mailing system on April 9, 2009, and the Court has used that date accordingly.

1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.; Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

"In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Pace*, 544 U.S. at 418. Equitable tolling should be granted only "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare." (Citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

In this case, Kimble has not argued that he was ignorant or lacked notice or constructive knowledge of the one-year filing requirements. Kimble does, however, argue in his traverse that he did not receive notice of the Supreme Court's August 29, 2006[4] decision for "six month's [sic] after its decision." (Traverse at p. 2.) Attached to Kimble's traverse is a statement from prison authorities showing the mail received and

---

[4] Kimble's hand-written notation on the exhibit attached to his traverse references the "Supreme Court decision from 8-29-08." This is clearly an inadvertent error on Kimble's part and Kimble is obviously referring to the Ohio Supreme Court decision of August 29, 2007.

14

signed for by Kimble during the months of August to December 2007. This statement does not show any correspondence from the Ohio Supreme Court. (Doc. No. 10-1, Exh. 5.) Kimble contends that, but for this delay, his petition would have been timely submitted.

"A prisoner's lack of knowledge that the state courts have reached a final resolution of [his] case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (quoting *Woodward v.* Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)); *see also Phillips v Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam) ("A delay in receiving notification [that petitioner's appeal has been denied] [. . .] could qualify for equitable tolling."). As stated earlier, Kimble bears the burden of establishing that equitable tolling applies to his case.

Kimble has not claimed that he did not have notice of the Ohio Supreme Court's decision denying his motion for delayed appeal, but only that he did not receive the actual decision from the Ohio Supreme Court for six months. Indeed, the statement Kimble attached to his traverse indicates correspondence from the Trumbull County Clerk of Courts, two different law firms, the Trumbull County Prosecuting Attorney, and the Assistant State Public Defender in September and October 2007. (Doc. No. 10-1, Exh. 5.) Any one of these communications might have contained information sufficient to put Kimble on notice that his motion for a delayed appeal had been denied. However, the respondent in this case has not addressed this aspect of Kimble's claim in either its return of writ (Doc. No. 6) or its response (Doc. No. 26). Nor did the Magistrate Judge address

15

equitable tolling in his R&R.

Kimble has also been otherwise diligent in pursuing his claims. This is not a case where Kimble's filings are exceptionally tardy. Kimble's habeas petition is untimely by less than thirty days. *Cf. Cook v. Stegall,* 295 F.3d 517 (6th Cir. 2002) (finding it inappropriate to equitably toll the statute of limitations where petitioner waited nearly twelve years to file his habeas petition). Respondent has not argued that it will be prejudiced in any way by the Court exercising its equitable powers to toll the statute of limitations in Kimble's case.

In light of Kimble's apparent lack of timely notification from the Ohio Supreme Court, his diligence in pursuing his claims, and the Respondent's failure to argue that it will be prejudiced if this limited period of time is tolled, this Court holds that the § 2244 one-year statute of limitations was tolled from August 29, 2007, until December 31, 2007.[5]

Given this Court's decision to apply the doctrine of equitable tolling to Kimble's petition, it is clear the Magistrate Judge erred in recommending to this Court that Kimble's petition be rejected as untimely. Properly calculated, Kimble's conviction became final on January 4, 2007, and the AEDPA clock began ticking the following day. The time period ran from January 5, 2007 to June 27, 2007, a period of 173 days, leaving Kimble with 192 remaining days in which to timely file his petition under the AEDPA.

---

[5] Kimble does not provide the exact date he received notification of the Ohio Supreme Court decision, instead claiming he did not receive the decision until "six month's [sic] after its decision." Because Kimble only provides evidence he did not receive notice of the decision via mail receipt between the months of August and December 2007, this Court finds December 31, 2007 to be an appropriate date to end the equitable tolling in this case.

The statute of limitations was tolled from the date of his motion for a delayed appeal, June 27, 2007, to the date that motion was denied by the Ohio Supreme Court, August 29, 2007. The statute of limitations is hereby further equitably tolled from August 29, 2007, to December 31, 2007, in light of Kimble's failure to receive notice of the August 29, 2007 decision, as explained above. The AEDPA clock restarted on January 1, 2008, and 192 days later, the date was Thursday, July 10, 2008, and Kimble had until that date to timely file his petition for a writ of habeas corpus under the AEDPA. Under the prison mailbox rule, *see n.3, supra,* Kimble is deemed to have filed his petition on April 9, 2008. Therefore, this Court finds that Kimble's petition is timely. Accordingly, the Court will next address Kimble's four grounds for relief in light of the Magistrate Judge's finding of procedural default.

B.      **Procedural Default**

Kimble's petition states four grounds for relief. The first two are concerned with alleged errors by the trial court, and the latter two are concerned with alleged ineffective assistance of appellant counsel.

A petitioner may not raise a claim in a federal habeas proceeding when he was prevented from raising that claim in state court because of a failure to comply with a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state procedural default will preclude habeas review when (1) the state procedural rule is applicable to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the  procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review.

17

*Id.* If these three elements are present, the petitioner must demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Id.* Alternatively, a showing of actual innocence -- based on new, reliable evidence -- will overcome procedural default and allow a federal habeas court to review a claim. *House v. Bell*, 547 U.S. 518, 536-537 (2006).

1.     **Grounds 1 and 2**

The state procedural bar at issue for grounds one and two is failure to comply with the Ohio Supreme Court filing deadlines. Kimble adequately raised grounds one and two on direct appeal to the Eleventh District Court of Appeals, which affirmed his conviction on November 20, 2006. Kimble did not, however, timely appeal the Eleventh District's denial to the Ohio Supreme Court. Cognizant of this fact, Kimble filed a motion for a delayed appeal to the Ohio Supreme Court, which denied his motion.

Whether claims one and two have been procedurally defaulted "turns upon whether the Ohio Supreme Court entry denying [Kimble's] motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of [his] habeas corpus petition." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). In *Bonilla*, the Sixth Circuit confronted a procedural scenario nearly indistinguishable from the one presented here.[6] There, the court examined the applicable Ohio Supreme Court Rules relating to a motion for a delayed appeal and concluded that "the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling,

---

[6] Kimble's Rule 26(B) motion to reopen his direct appeal does not materially distinguish his case from *Bonilla*. In any event, it is clear Kimble did not appeal the Eleventh District Court of Appeal's ruling on that motion.

not a ruling on the merits." *Id.*

Kimble "failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section 2(A)(4)." *Id.* When a state court is entirely silent as to its reasons for denying requested relief, federal courts assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Failure to comply with the filing deadline satisfies the first three prongs of the *Maupin* test. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-432 (6th Cir. 2006).

With the first three *Maupin* prongs satisfied, Kimble bears the burden to show both cause and prejudice. In order to show cause, Kimble must provide a substantial reason for the default that is external to him. *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Beuke v. Houk*, 537 F.3d 618, 634 (6th Cir. 2008) (citations omitted).

Kimble argues either of two reasons set forth in his objection should constitute cause. First, Kimble argues he was not notified of the November 20, 2006 decision of the Eleventh District Court of Appeals until December 12, 2006. As evidence of this fact, Kimble has proffered a copy of a letter sent by his appellate counsel

19

informing him of the decision, dated December 11, 2006, and a record of mail received and signed for by Kimble in November and December 2006 which does not indicate Kimble received earlier notification of the decision. (Doc. No. 10-1, Exhs. 4, 5.)

       The delay asserted is not sufficient to constitute cause. First, unlike the delay discussed above which prevented Kimble from timely filing his habeas petition, this delay left Kimble with sufficient time to properly submit a timely appeal to the Ohio Supreme Court. *See Turner v. Smith*, No. 2:08CV52, 2009 WL 799041 at *9 (S.D. Ohio Mar. 23, 2009). The December 11, 2006 letter from Kimble's appellate counsel clearly states the applicable 45 day time limit to timely file an appeal to the Ohio Supreme Court and instructs Kimble to consult the relevant rules for filings in the Ohio Supreme Court if he wished to appeal. (Doc. No. 10-1, Exh. 4.) Further undercutting Kimble's argument is his concession that did mail an appeal to the Ohio Supreme Court, albeit one that did not conform to the standards set forth by the Ohio Supreme Court Rules, on January 3, 2007. (Doc. No. 22-2 at p. 6.)

       Second, and much more troubling to this Court, Kimble failed to raise this argument in his motion for a delayed appeal to the Ohio Supreme Court. (Doc. No. 6-4, Exh. 18.) Kimble was required to "state the date of entry of the judgment being appealed *and adequate reasons for the delay*." Ohio Sup. Ct. R. II, Section 2(A)(4) (emphasis added). Kimble's motion did not set forth untimely notification as a reason for his delay.

       Kimble next argues that, after his January 3, 2007 appeal was returned to him for failure to conform to the appropriate Ohio Supreme Court Rules, and after his failed appeals to the Eleventh District Court of Appeals to reopen his appeal, he

20

"subsequently [to May 9, 2007] submitted a memorandum to the Ohio Supreme Court, but prison officials forwarded only '*portions*' of that pleading due to a discrepancy in Kimble's prison account to cover the necessary postage for mailing the '*entire*' pleading." (Doc. No. 9 at p. 4-5 (emphasis in original).)

The Court does not find this argument persuasive. First, as before, Kimble did not raise this argument in his motion for a delayed appeal to the Ohio Supreme Court. (Doc. No. 6-4, Exh. 18.) Second, even if true, the prison staff's failure to mail his entire memorandum on May 9, 2007 does not constitute cause for his failure to timely and properly file an appeal to the Ohio Supreme Court due on January 4, 2007. Nowhere does Kimble allege that his January 4, 2007 appeal would have been timely and properly submitted but for adequate postage.[7] Nor can Kimble rely on his pro se status or ignorance of the law and procedural requirements for filing an appeal to the Ohio Supreme Court as sufficient to constitute cause. *See Bonilla*, 370 F.3d at 498; *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Kimble has not demonstrated cause. It is, therefore, unnecessary for this Court to address prejudice.

A federal court may also review a procedurally defaulted claim, even in the absence of a demonstration of cause and prejudice, to correct "a fundamental miscarriage of justice," as when the petitioner is actually innocent. *Coleman v.*

---

[7] The Magistrate Judge, in his R&R, characterized Kimble's argument as a claim "that he timely mailed a notice of appeal on January 3, 2007, but this was returned because state prison personnel removed his affidavit of indigency and copy of the appellate court's decision." (Doc. No. 20 at p. 12.) A careful read of Kimble's reply reveals no such allegation. Kimble's allegation that only part of his pleadings were mailed by prison officials relates to his May 9, 2007 "memorandum," and not his January 3, 2007 appeal. (Doc. No. 9 at p. 2-3.)

*Thompson*, 501 U.S. 722, 748 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). "A prototypical claim of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Kimble, in his litany of filings, never asserts that he is actually innocent of the crimes for which he was convicted. Indeed, he pled guilty to his crimes in open court. Despite his assertion that "it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt," he offers no evidence that would even remotely justify such a conclusion. (Doc. No. 25 at p. 12.) The trial judge's decision to disallow the withdrawal of his guilty plea in no way supports a conclusion that Kimble is actually innocent.

Therefore, this Court finds grounds one and two are procedurally defaulted.

### 2.    Grounds 3 and 4

The state procedural bar at issue for grounds three and four is failure to comply with the requirements of Ohio Rule of Appellate Procedure 26(B). While the Sixth Circuit has held that Rule 26(B) may not stand as an adequate an independent ground in capital cases, the Sixth Circuit has recognized Rule 26(B) as an adequate and independent ground in non-capital cases since at least September 1996. *See Rideau v. Russell*, No. 08-3466, 2009 U.S. App. LEXIS 18895 at *13-14 (6th Cir. 2009) (citing *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002) (holding Rule 26(B) served as an adequate an independent ground for a motion filed in September 1996); *Scuba v. Brigano*, 527 F.3d 479 (6th Cir. 2007) (holding Rule 26(B) served as an adequate and

independent ground for a motion filed in July 2002).

Under Ohio Rule of Appellate Procedure 26(B), an application for reopening must be filed within ninety days of journalization of the appellate judgment unless the applicant shows good cause for filing at a later date. Ohio App. R. 26(B)(1). If an application is untimely, the untimely application must contain "[a] showing of good cause for untimely filing, if the application is filed more than ninety days after the journalization of the appellate judgment." Ohio App. R. 26(B)(2)(b). In this case, the judgment of the Eleventh District Court of Appeals was filed November 20, 2006. Kimble's motion to reopen under Rule 26(B) was filed April 6, 2007. As the Eleventh District Court of Appeals held, Kimble's motion was untimely and did not contain a showing of good cause for untimely filing. (Doc. No. 6-4, Exh. 23.)

As stated earlier in this opinion, failure to comply with the filing deadline satisfies the first three prongs of the *Maupin* test. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-432 (6th Cir. 2006). With the first three *Maupin* prongs satisfied, Kimble bears the burden to show both cause and prejudice as to grounds three and four. Again, Kimble fails to demonstrate cause.

Kimble again argues that his late notification of the decision of the Eleventh District Court of Appeals should constitute cause sufficient to excuse his untimely filing. However, a quick examination of the calendar reveals that this argument is without merit. Even if this Court uses the date Kimble claims he was first notified of the decision, December 12, 2006, as the proper date from which to calculate the ninety

day period, Kimble's April 7, 2007 filing is still untimely.[8] Thus, Kimble has not demonstrated cause sufficient to avoid procedural default as to grounds three and four. Furthermore, as analyzed above under grounds one and two and equally relevant to grounds three and four, Kimble fails to assert a meritorious claim of actual innocence.

Therefore, this Court finds grounds three and four are procedurally defaulted. Thus, this Court finds that all grounds raised in Kimble's petition are procedurally defaulted and the Magistrate Judge's R&R is **ACCEPTED**.

## IV.    CONCLUSION

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation (Doc. No. 20) is **ACCEPTED**, and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**. This Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is **DISMISSED**.

**IT IS SO ORDERED**.

Dated:     December 4, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] Kimble asserts that he filed his Rule 26(B) motion on February 21, 2007, instead of April 6, 2007. (Doc. No. 25 at p. 16.) This is factually incorrect. Kimble filed a "motion for appointment of counsel so as to file a motion to reopen direct appeal" on February 21, 2007. That motion was denied on March 1, 2007.

24